Laura Each Nguyen, SBN 203141
Law Offices of Laura Each Nguyen, PC
2629 Townsgate Road, Suite 235
Westlake Village, CA  91361
Telephone:  (818) 665-4083
Facsimile:  (818) 206-3230


Attorneys for Plaintiff
TRICOR AMERICA, INC.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICOR AMERICA, INC., A California Corporation | Case No.: 3:13-cv-03391-JST |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| vs. | |
| FEDERAL INSURANCE COMPANY, a corporation; and DOES 1 THROUGH 50, inclusive, | |
| Defendants. | |

Plaintiff TRICOR AMERICA, INC. ("TRICOR" or "Plaintiff"), on the one hand, and

Defendants Federal Insurance, Inc. ("Defendant"), and Cross-Defendant Mike Chung ("Cross-

Defendant") on the other hand, by and through their counsel and pursuant to Rule 26 of the

Federal Rules of Civil Procedure, hereby stipulate and agree as follows:

WHEREAS, counsel for for the parties intend to serve, or have served, discovery requests

directed to the opposing party; and

WHEREAS, it appears likely to counsel for the parties that responding to such discovery requests may reveal legally-protected trade secret, confidential or privacy-protected information.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that the following procedures shall be employed and the following terms, conditions, and restrictions shall govern with respect to all discovery served or exchanged by any party to this case, including all summaries, extracts and material derived from this case (hereinafter "information"):

1.     Any party or other person producing information in this case may, in good faith, designate information as CONFIDENTIAL. As used herein, the term CONFIDENTIAL denotes information containing confidential and/or proprietary trade secret information, including, but not limited to, technical and competitively-sensitive information protected by law, and information protected by California's constitutional and common law right to privacy. Records or documents containing "personal records," as defined in Section 1985.3(a)(1) et seq. of the Code of Civil Procedure, may also be designated as CONFIDENTIAL. Information that is already in the public domain may not be designated as CONFIDENTIAL. At the time of production or other disclosure of such CONFIDENTIAL information, the producing party or other person shall designate such material by placing the word CONFIDENTIAL on each such document or other material, or if it is not possible to so label the material, by means of such other designation as will identify the CONFIDENTIAL information with sufficient specificity to permit counsel to adhere to the provisions of this Protective Order. In the event Defendant produces financial statements, time records, payroll records or other employment documents with respect to employees, Defendant is not required to place the word CONFIDENTIAL on such records or documents. Instead, such records or documents will be automatically deemed designated CONFIDENTIAL without the need to label such records or documents CONFIDENTIAL.

2.     In the event that additional parties join or are joined in this litigation, they shall not have access to materials designated as CONFIDENTIAL pursuant to this Protective Order

1 until they have executed and, at the request of the parties, filed with the Court their agreement to

2 be bound by this Protective Order.

3     3.     Any party believing materials designated as CONFIDENTIAL by another is not

4 entitled to such designation shall notify the producing or designating party of that belief in

5 writing, provide a brief statement of the basis for that belief with service on all other parties, and

6 allow ten (10) days for the producing or designating party to respond. If the producing or

7 designating party does not modify its designation of the materials in response to a notice

8 pursuant to this paragraph, then the party challenging the CONFIDENTIAL designation may

9 move the Court for an order modifying or removing such designation. To maintain

10 CONFIDENTIAL status, the burden shall be on the proponent of confidentiality to show that the

11 material or information is entitled to protection under applicable law. Unless and until a

12 CONFIDENTIAL designation is voluntarily withdrawn by the producing or designating party, or

13 the Court issues an order modifying or removing such designation, the provisions of the

14 Protective Order shall continue to apply.

15     4.     Any CONFIDENTIAL information that is produced shall be produced only to

16 counsel of record for the parties to this litigation. Counsel for any party who obtains any

17 CONFIDENTIAL information from any other party shall protect it and its contents from all

18 disclosure to anyone, save for the persons designated in this paragraph. Counsel of record may

19 disclose CONFIDENTIAL information where necessary to the proper preparation for, and trial

20 of, this case, to:

21         (a)     their employees and employee equivalents (e.g., contract paralegals);

22         (b)     independent experts or consultants for the purpose of aiding counsel of

23 record in connection with counsel's preparation for trial, who shall have no ownership interest in

24 or business relationship with any other party named in this litigation or any competitor of

25 Defendant;

26         (c)     witnesses and deponents testifying under oath and the certified shorthand

27 reporter conducting the deposition;

(d)     the parties to this litigation, which for the corporate parties shall include their respective employees who are involved in matters pertaining to the lawsuit;

(e)     this Court and members of its staff;

(f)     mediators or other alternative dispute resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in this litigation;

(g)     any person who created a document or was the recipient thereof;

(h)     employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with this litigation and only after being informed of the provisions of this Protective Order and agreeing to abide by its terms; or

(i)     the jury in this matter.

Counsel shall distribute this Protective Order to all such persons referenced in subsections (a) through (f) above and shall require that said persons read this Order and agree to be bound by its terms by signing the Acknowledgment form attached hereto as Exhibit A.

5.     Whenever any CONFIDENTIAL information is introduced or used at a deposition, those portions of the deposition that concern CONFIDENTIAL information: (a) shall be conducted in such a way that only persons authorized by this Protective Order to have access to such matters are present; and (b) shall be separately bound after transcription and marked as CONFIDENTIAL, and then shall be deemed to be subject to the terms of this Protective Order. CONFIDENTIAL information may be elicited or used in depositions only of parties, persons employed by parties, former employees of the parties, or clients of the parties (to the extent CONFIDENTIAL information relates to the particular party, former employee, or client) who produced such information, but only if the person deposed has knowledge of such information, has agreed to be bound by the terms of this Protective Order, and has reviewed and signed Exhibit A.

6.      Counsel may show CONFIDENTIAL material to a witness at a deposition and examine that witness concerning the same, provided that such counsel must, in the course of the deposition, inquire as to whether the witness agrees to be bound by the terms of this Protective Order.  If the witness does not so agree, then neither the witness nor his or her counsel, if any, may retain or be given any copy of the CONFIDENTIAL material including, but not limited to, a copy of any pages of the transcript of the deposition that are designated CONFIDENTIAL.  In the event of such refusal by the witness, the reporter shall be instructed to give the witness written notice when the transcript has been prepared, stating that the witness may inspect the transcript and its exhibits in the reporter's office, and that if the original deposition transcript is not signed within thirty (30) days after the date of the notice, it will be used as if it had been signed.  The witness shall not be furnished with a copy of portions of the deposition transcript or exhibits that have been designated as CONFIDENTIAL.  If the witness does not sign the original deposition transcript within thirty (30) days after the date of the written notice described in this paragraph, the deposition transcript may be used as if it had been signed.

7.      Failure of counsel to designate testimony or exhibits as CONFIDENTIAL at deposition shall not constitute a waiver of the confidentiality of the testimony or exhibits.  Upon receipt of the transcript of the deposition, counsel shall be entitled to designate specific pages and lines of the transcript or exhibits as CONFIDENTIAL; however, any other party shall be entitled to treat the transcript or exhibits as non-CONFIDENTIAL material until such time as the CONFIDENTIAL designation is made.

8.      Whenever any party wishes to file with the Court or introduce or use at trial, hearing or other proceeding any CONFIDENTIAL information, that party must comply with Rule 26 of the Federal Rules of Civil Procedure to the extent applicable.  In addition, the party shall provide written notice to all parties and to the Court prior to disclosing or filing of the CONFIDENTIAL information.  Thereafter any party may move the Court by application or noticed motion pursuant to the Federal Rules of Civil Procedure, to have all filings and disclosures containing CONFIDENTIAL information filed under seal.  If the party moves the

Court pursuant to the Federal Rules, all filings and disclosures containing CONFIDENTIAL information shall be lodged and filed in redacted form as set forth in the Federal Rules of Civil Procedure until the Court makes such rulings and provides instruction to the parties on how to file such CONFIDENTIAL information thereafter.

9.      If any CONFIDENTIAL material is provided to a discovering party without being marked as CONFIDENTIAL, the failure to mark the material shall not be deemed a waiver of its confidentiality.  The producing party shall promptly notify the receiving party that the information should be treated in accordance with the terms of this Protective Order, and shall forward appropriately marked copies of the items in question.  Such designation shall be made as soon as possible after the discovery of the inadvertent production or disclosure.  Within five (5) days of the receipt of substitute copies, the receiving party shall return the previously undesignated items and all copies thereof.  Until the material is designated as CONFIDENTIAL by the producing party, however, the discovering party shall be entitled to treat the material as non-CONFIDENTIAL.  Upon designation, such material shall be treated as CONFIDENTIAL in accordance with the provisions of this Protective Order.

10.      Within thirty (30) days after the final settlement or conclusion of this action, discovering counsel shall return to producing counsel all documents including, without limitation, depositions and trial, hearing, or other transcripts containing information designated as CONFIDENTIAL, as well as all copies, and shall return or destroy any extracts, summaries, or material derived from the information.  However, documents delivered to Federal Insurance prior to the inception of the lawsuit, which consist of its claim file shall be excluded from the obligation to return or destroy the CONFIDENTIAL material, provided that Federal Insurance continues to comply with all other aspects of this protective order.  In addition, the Clerk of this Court shall return to producing counsel all documents, transcripts, exhibits and any other materials containing information designated as CONFIDENTIAL that have been filed with this Court.

11.     This Protective Order is entered without prejudice to the right of any party to waive the applicability of this Protective Order as to any information produced by the party. Upon the application to this Court by noticed motion, any party may:

    (a)     Seek additional protective treatment for any information or documents which might become the subject of discovery;

    (b)     Object to the designation of any document as CONFIDENTIAL; or

    (c)     Seek any modification of, or relief from, this Protective Order and such other relief as may seem appropriate. Prior to any such application, counsel shall confer to attempt to reach agreement without resort to this Court.

    **12.     Disclosure Pursuant to Court-Order or Legal Obligation**:  Nothing contained herein shall prevent disclosure beyond the terms of this Protective Order (a) if the Court, after notice to all affected persons, allows such disclosure; or (b) if the party to whom CONFIDENTIAL documents has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, other legal process or regulatory requirement, provided that the subpoenaed party gives prompt written notice to counsel for the designating party before any such disclosure.

    13.     The terms of this Protective Order shall survive and remain in full force and effect after the termination of this lawsuit.


Dated: January __24__, 2014

    _____/s/_____

    Laura Each Nguyen, Attorney for

    Plaintiff TRICOR AMERICA,

    INC.

Dated: January 24, 2014

/s/
David Dibiase, Attorney for

Defendant Federal Insurance

Company

Dated: January 24, 2014

/s/
Daniel Flores, Attorney for

Cross-Defendant Mike Chung

The Stipulated Protective Order also does not entitle the parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Dated: January 31, 2014

IT IS SO ORDERED

Judge Jon S. Tigar

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA